United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Northern California-Northern Nevada Sound & Communications, et al.,<br><br>            Plaintiffs,<br>    v.<br><br>Diamond Communications, Inc., et al.,<br><br>            Defendants.<br>_____/ | NO. C 06-02343 JW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT** |

## I. INTRODUCTION

Northern California-Northern Nevada Sound and Communications Employee Benefit Trust Funds, and Doug Lung and Bob Tragni as trustees of the Northern California-Northern Nevada Sound and Communications District No. 9 Health and Welfare Trust Fund (collectively, "Plaintiffs") bring this action for violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Plaintiffs allege that Diamond Communications, Incorporated and Tarin & Hinesley, Incorporated (collectively, "Defendants") failed to make payments to Plaintiffs due under a collective bargaining agreement. Before the Court is Plaintiffs' Motion for Default Judgment. (hereafter, "Motion," Docket Item Nos. 16, 19.) The Court conducted a hearing on May 14, 2007. Based on the papers submitted to date and arguments of counsel at the hearing, the Court GRANTS Plaintiffs' Motion for Default Judgment.[1]

---

[1] By this Order, the Court VACATES its prior entry of Default Judgment as it was filed erroneously. (See Docket Item No. 23.)

## II.  BACKGROUND

Plaintiffs allege as follows:

Plaintiffs Northern California-Northern Nevada Sound and Communications Employee Benefit Trust Funds ("Benefit Trust Funds") are Taft-Hartley funds and employee pension benefits plans.  (First Amended Complaint ¶ 3, hereafter, "FAC," Docket Item No. 3.)  Plaintiffs Doug Lung and Bob Tragni are trustees and fiduciaries of the Northern California-Northern Nevada Sound and Communications District No. 9 Health and Welfare Trust Fund ("Health and Welfare Trust Fund").  (FAC ¶ 2.)  Diamond Communications and Tarin & Hinesley are California corporations doing business as Diamond Security Solutions in Santa Clara County, California.  (FAC ¶¶ 4-5.)

A collective bargaining agreement (the "Agreement") has at all relevant times, governed the wages, hours, and conditions of employment of certain employees of Defendants.  (FAC ¶ 6.)  The Agreement requires Defendants to make payments to certain of the Benefit Trust Funds and to the Health and Welfare Trust Fund for each hour worked by employees covered by the Agreement.  (FAC ¶ 7.)  The Agreement provides that such payments are to be made not later than the fifteenth day of each month following the month in which the employees are paid.  Id.  In addition, the Agreement provides that Defendants will abide by the terms of the trust documents establishing the funds as well as the rules and regulations adopted by the trustees.  (FAC ¶ 8.)

In accordance with the trust documents and regulations of the funds as well as the terms of the Agreement, liquidated damages are assessed on late payments at the rate of 10% of the amount due if the payment is not received by the fifteenth day of the month following the month in which the employees are paid.  (FAC ¶ 9.)  The Agreement further provides that if legal action must be taken to recover the amounts owed to the funds, the Defendants will pay the actual and reasonable attorney's fees incurred by the funds and all court costs.  (FAC ¶ 10.)

2

Pursuant to the terms of the Agreement, there is now due, owing, and unpaid from Defendants contributions for the months of March, April, and May 2006. (FAC ¶ 11.) Defendants also owe liquidated damages for the months of October 2004 through February 2006. (FAC ¶ 12.) Plaintiffs have made a demand for payment but Defendants have refused to pay. (FAC ¶ 13.)

Plaintiffs filed this action on April 3, 2006, under Section 502 of ERISA, 29 U.S.C. § 1132, seeking compensatory damages for unpaid contributions, liquidated damages, interest, attorney's fees and costs. On December 6, 2006, the Clerk entered default against Defendants. (Docket Item No. 13.) Plaintiffs now move the Court to grant default judgment against Defendants pursuant to Rule 55(b)(2).

## III. STANDARDS

A party may move for entry of default judgment. Fed. R. Civ. P. 55(b)(2). The grant of a default judgment is within the discretion of the district court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). Upon entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977).

In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## IV. DISCUSSION

**A.  Discretion to Grant Default Judgment**

The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. See Eitel, 782 F.2d at 1471-72. In this instance, the Eitel factors weigh in favor of granting default judgment. First, in alleging that Defendants violated ERISA by not making

3

contributions in accordance with the Agreement, Plaintiffs have stated a claim upon which relief may be granted.  Second, Plaintiffs only seek to recover a total of $8,611.59 in liquidated damages, interest, costs of suit, and attorney's fees, an amount that is ascertainable.  Third, there is no possibility of a material dispute as to the alleged facts because, upon entry of default, all well-pleaded facts are taken as true.  Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Finally, the possibility of excusable neglect is remote because Defendants have been properly served.  Accordingly, the Court finds that a grant of default judgment is appropriate in this case.

**B.     Remedies**

Plaintiffs contend that pursuant to the Agreement and ERISA, they are entitled to liquidated damages, interest, attorney's fees and costs.  (Motion at 2.)

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan-
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of-
>     (I) interest on the unpaid contributions, or (ii) liquidated damages
>     provided for under the plan in an amount not in excess of 20 percent . . . of
>     the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs, and
> (E) such other legal or equitable relief as the court deems appropriate.
> For purposes of this paragraph, interest on unpaid contributions shall be
> determined by using the rate provided under the plan, or, if none, the rate
> prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2). An award under § 1132(g)(2) is mandatory if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award.  Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 257 (9th Cir. 1996).  In this case, award of the statutory damages is mandatory because: (1) Defendants were delinquent when the action was filed; (2) the court is entering a judgment against Defendants; and (3) the Agreement provides for these awards.

4

Plaintiffs seek $4,550.97 in liquidated damages, $364.07 in interest, $3,742.25 in attorney's fees and $414.80 in costs.[2]  (Motion at 1-2; Declaration of Melaine Houston at 1-3, hereafter, "Houston Decl.," Docket Item No. 17; Declaration of Sue Campbell at 1-3, hereafter, "Campbell Decl.," Docket Item No. 20.)  Under the Agreement, the amount of liquidated damages is 10% of the delinquent contributions, which is in accordance with § 1132(g)(2).  (Campbell Decl. Ex. B at 10-11.)  In addition, as permitted under § 1132(g)(2), interest has been calculated at the rate provided under the plan, which is 8% per annum.  (Id. at 11.)  The Court finds that Plaintiffs have substantiated their claims for liquidated damages and interest.  (See Houston Decl. at 2.)

Pursuant to § 1132(g)(2), Plaintiffs seek attorney's fees and costs of suit as part of the judgment.  Although Plaintiffs request $3,742.25 in fees, the invoices submitted by Plaintiffs support only an award of $3,157.25.  (See Campbell Decl. ¶ 3, Ex. A.)  However, the Court awards an additional $585 (3 hours at $195 an hour) of attorney's fees for time spent on preparing this motion and the appearance at the hearing.  Accordingly, the total fees awarded is $3,742.25.

## V.  CONCLUSION

The Court GRANTS Plaintiffs' Motion for Default Judgment and Attorney's Fees pursuant to Federal Rule of Civil Procedure 55(b)(2).

Judgment will be entered favor of Plaintiffs and against Defendants in the amount of $9,072.09.  This amount represents:  $4,550.97 in liquidated damages, $364.07 in interest, $3,742.25 in attorney's fees and $414.80 in costs.

Dated:  May 24, 2007

JAMES WARE
United States District Judge

---

[2] Defendants have paid all delinquent contributions sought in the First Amended Complaint, therefore, Plaintiffs do not seek these amounts.  (Campbell Decl. at 3.)

5

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  Sue Campbell suecampbell@att.net

4  **Dated:  May 24, 2007**                                **Richard W. Wieking, Clerk**

6                                                          **By:   /s/JW Chambers**
                                                                  **Elizabeth Garcia**
                                                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California